■ In the Matter of WILLIAM JAMES ELCO, Also Known as WILLIAM J. ELCO, Deceased. MAE BAKER, Appellant-Respondent; ROBERT ELCO et al., Respondents-Appellants.—In a probate proceeding, the proponent Mae Baker appeals from (1) a decree of the Surrogate's Court, Rockland County (Weiner, S.), dated June 12, 1987, which, after a jury trial, denied probate of a purported 1984 will on the ground of lack of testamentary capacity, (2) an order of the same court, dated August 20, 1987, which, *inter alia*, admitted a will signed by the testator on July 19, 1979, and a codicil signed on June 9, 1982, to probate, and (3) a decree of the same court, also dated August 20, 1987, entered thereon, and the objectants, Robert Elco and Dorothy Hagen, cross-appeal, as limited by their brief, from so much of the decree dated June 12, 1987, as was based on a ruling directing a verdict in the proponent's favor on the issue of undue influence.

Ordered that the cross appeal is dismissed *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that on the appeal by the proponent, the decree dated June 12, 1987, is reversed, on the law, and the matter is remitted to the Surrogate's Court, Rockland County, with directions to admit the instrument dated November 7, 1984, to probate and for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order, dated August 20, 1987 is dismissed *(see, Matter of Aho,* 39 NY2d 241, 248); and it is further,

Ordered that the decree dated August 20, 1987 is vacated; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs payable from the estate.

The jury's verdict that the testator lacked the necessary testamentary capacity at the time he executed a will dated

November 7, 1984, is without foundation in the record. The evidence proffered by the proponent of the 1984 will established that the testator understood the nature and consequences of executing a will, that he knew the nature and extent of the property he was devising and that he knew those who would be considered the natural objects of his bounty and his relations with them (see, Matter of Kumstar, 66 NY2d 691, 692). Until his demise, the testator maintained his independence, drove a car and managed his household and medication (see, Matter of Cottone, 49 AD2d 940, affd 40 NY2d 1007).

Although the testator may have had some delusions or fixations about people stealing from him, those beliefs were not devoid of any factual basis. The testator was correct in his assertion that his accountant had made an error in his tax returns, and that his bank had not entered certain interest payments in his passbook. Additionally, the testator's daughter and son-in-law may have refused to repay a substantial loan, and the testator had discovered papers missing from his residence shortly after a neighbor observed his grandson climb through the window of the testator's house while the testator was not home. Even if the testator suffered delusions that he was the victim of acts of theft, such delusions are not necessarily inconsistent with testimentary capacity where, as here, the uncontradicted proof demonstrates that the testator was acting rationally and intelligently at the time the contested will was prepared and executed (see, Matter of Hedges, 100 AD2d 586). It is noteworthy that the testator complained bitterly to the drafter of the contested will, to a neighbor and a friend, that his children and grandchildren did not love him and that they no longer visited or telephoned him, particularly on special occasions like his birthday. The testator's founded complaints readily explain the testamentary dispositions in the contested will, which substantially reduced the size of the bequests made to the testator's children and grandchildren in a prior will dated July 19, 1979, and a codicil dated June 9, 1982.

Upon reviewing the record, we conclude that there was insufficient evidence adduced at trial to warrant submitting the issue of testamentary capacity to the jury. Accordingly, the Surrogate should have directed a verdict for the proponent on this issue. Furthermore, the Surrogate did not err in refusing to submit to the jury the question of whether the contested will was procured by undue influence of the proponent. "It is not sufficient to show * * * motive and opportunity to exert [undue] influence; there must be evidence that

[the proponent] did exert it, and so control[led] the actions of the testator, either by importunities which he could not resist or by deception, fraud or other improper means, that the instrument is not really the will of the testator" *(Cudney v Cudney,* 68 NY 148, 152; *Matter of Hollenbeck,* 65 Misc 2d 796, 800, *affd* 37 AD2d 922).

Here, the objectants clearly failed to make out a prima facie case of undue influence.

We note that on appeal the objectants have not challenged the Surrogate's directed verdicts in favor of the proponent on the issue of fraud and improper execution.

In light of our disposition, we need not address the parties' remaining contentions. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.