■ In the Matter of ALBINA FICO, Deceased. PALMA SCHNEIDER, Respondent; JOSEPHINE ROSSANO et al., Appellants. —In a contested probate proceeding, the objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Kings County (Bloom, S.), dated March 31, 1989, as, upon granting the petitioner's motion for judgment as a matter of law, which was made at the close of the evidence at trial, admitted the will of Albina Fico, dated July 28, 1983, to probate.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellants personally.

On appeal the appellants maintain that the issue of whether the testatrix was aware of the nature and contents of her will should have been submitted to the jury. We disagree. The uncontroverted evidence adduced at trial establishes that the draftsman of the will, who had been the testatrix's attorney for over 40 years, fully explained the provisions of the will to her in Italian, which was her native language *(see, Matter of Albarino,* 45 Misc 2d 216, *affd* 23 AD2d 535, *affd* 16 NY2d 927; *Matter of Holly,* 13 NY2d 746; *Matter of Simone,* 53 Misc 2d 314). The record additionally establishes that the testatrix was aware of the extent of her property, and of the consequences of her disposition. Under these circumstances, the jury could not have rationally concluded that the testatrix was unaware of contents and nature of her will, and thus the court properly awarded judgment as a matter of law in favor

of the proponent *(see, Matter of Kumstar,* 66 NY2d 691, 693; *Matter of Elco,* 153 AD2d 860; *Matter of Minasian,* 149 AD2d 511).

We have reviewed the objectants' remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Eiber and Balletta, JJ., concur.