■ In the Matter of the Estate of ELLA LONG, Deceased. JOHN BOLGER, Respondent; KAREN A. SZOBER et al., Appellants.—Weiss, J. P. Appeal from a decree of the Surrogate's Court of Delaware County (Estes, S.), entered September 10, 1990, which admitted to probate an instrument purporting to be decedent's last will and testament.

The 93-year-old decedent died in December 1988 approximately six months after execution of her last will and testament on June 16, 1988. Objections to probate were filed by respondents, who are her grandchildren and who are distributees, alleging that (1) decedent's signature on the instrument was a forgery, (2) decedent did not execute, acknowledge or subscribe the will in the presence of the attesting witnesses, (3) decedent was neither competent nor of sound mind and memory at the time, and (4) execution and publication of the will, if in fact done, were procured by the fraud and undue influence of petitioner, another grandchild and proponent of the will who was also a beneficiary. Following a nonjury trial, Surrogate's Court denied the objections, ordered that the will be admitted to probate and awarded $3,253.48 in costs and disbursements against respondents, individually and severally. Respondents have appealed.

It was petitioner's burden as a proponent of the will to establish testamentary capacity by proving that decedent understood the nature and consequences of executing her will, that she knew the nature and extent of her property, and that she knew the natural objects of her bounty and her relationship with such persons *(see, Matter of Kumstar,* 66 NY2d 691, 692; *Matter of Slade,* 106 AD2d 914, 915; *see also, Matter of Fish,* 134 AD2d 44, 46). In our view, the testimony of the attorney who drafted the will and that of his wife, who were the subscribing witnesses, satisfied the necessary criteria *(see, Matter of Kumstar, supra).*

The will offered for probate was a revision of a previous will executed just 16 days earlier. The changes were made at the specific direction of decedent and reduced specific bequests to each of her great-grandchildren from $5,000 to $1,000. Testimony from disinterested witnesses demonstrated that decedent knew that her estate included an inheritance from her son who had predeceased her, as well as the real property in which she resided and various bank accounts. Further, she had a list of the specific bequests to her grandchildren, niece and great-grandchildren prepared and given to her attorney. Her attorney testified that he discussed with decedent the matter of naming an executor and alternate executor and a bequest to petitioner's wife in a telephone conversation before preparing the earlier June 1, 1988 will, and that he had an additional conversation with her concerning her desired changes in the later June 16, 1988 will. He further testified that he summarized the changes prior to decedent's execution of the new will. This proof was sufficient to support the finding that decedent understood the contents of the instrument and the significance of her execution, acknowledgment and publication (see, Matter of Gearin, 132 AD2d 799, lv denied 70 NY2d 613; Matter of Regan, 206 App Div 403).

The testimony of a registered nurse, a home health care provider, a Eucharistic minister, a homemaker and two of decedent's physicians, all of whom were disinterested witnesses, show that decedent was mentally alert, clear, rational and lucid, despite her advanced age and physical problems, and demonstrated full testamentary capacity. Moreover, the record is completely devoid of any evidence of fraud or undue influence. In sum, there has been nothing offered to show that the decision of Surrogate's Court, which heard and observed the witnesses, should be disturbed (see, Matter of Feinberg, 150 AD2d 376, 377, lv denied 74 NY2d 613).

Finally, respondents have failed to demonstrate any abuse of discretion by Surrogate's Court in the award of costs and disbursements against them individually and severally in view of their unfounded allegation that decedent's signature was a forgery and their untimely withdrawal of that contention (see, SCPA 2301 [4]; 2302 [3] [a]; see also, Matter of Greatsinger, 67 NY2d 177).

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decree is affirmed, without costs.