■ In the Matter of the Estate of STEPHANIE SEYMOUR, Also Known as FANNY SEYMOUR, Also Known as HESTER SEYMOUR, Also Known as ESTHER SEYMOUR, Deceased. YVONNE H. CLARKE, Appellant; BERNICE BAPTISTE, Respondent.—In a probate proceeding, the objectant, Yvonne H. Clarke, appeals from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated September 14, 1990, which, after a jury trial, *inter alia,* admitted the will of Stephanie Seymour, dated January 3, 1985, to probate.

Ordered that the decree is affirmed, with costs payable by the objectant personally.

Contrary to the appellant's assertion, the record supports the jury's finding that the will dated January 3, 1985, was not procured by the undue influence of Bernice Baptiste. The record is devoid of any evidence, direct or circumstantial, of undue influence, and it is well settled that "no inference of undue influence may be drawn from the fact that proponents had the opportunity and motive, absent evidence that such influence was actually utilized" *(Matter of Bush,* 85 AD2d 887, 889; *see also, Matter of Posner,* 160 AD2d 943, 944; *Matter of Walther,* 6 NY2d 49, 55).

The appellant's remaining contentions are unpreserved for

appellate review or without merit. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.