■ JOHN CORBELLI et al., as Co-executors of EMILIA CORBELLI, Deceased, Plaintiffs, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Respondent and Third-Party Plaintiff-Respondent. SMITH & REDDY, Formerly Known as BAYER & SMITH, Third-Party Defendant-Appellant. [604 NYS2d 402] —Order unanimously affirmed with costs. Memorandum: The motion of third-party defendant, Smith & Reddy, to disqualify defendant-third-party plaintiff's counsel, the law firm of Saperston & Day, P. C., was properly denied. Code of Professional Responsibility DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]) provides that, except with consent and after full disclosure, a lawyer "who has represented the former client in a matter shall not * * * represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." "The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client" *(Rowley v Waterfront Airways,* 113 AD2d 926, 927; *see also, Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599, 600, *lv dismissed* 77 NY2d 873). Third-party defendant has not established the existence of an attorney-client relationship between it and Saperston & Day. There was no prior relationship between those two law firms and no communication indicating that Saperston & Day was acting as anything but the representative of defendant third-party plaintiff *(see, Saftler v Government Empls. Ins. Co.,* 95 AD2d 54, 58). (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Disqualification of Law Firm.) Present —Denman, P. J., Green, Balio, Fallon and Boehm, JJ.