■ In the Matter of the Estate of CONCETTA SOMMESE, Deceased. ADELE L. FERRETTI, Respondent; ANTHONY SOMMESE, Appellant. [614 NYS2d 22] —In a contested probate proceeding, the objectant appeals, as limited by his brief, from (1) so much of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated May 23, 1991, as, upon a ruling granting judgment as a matter of law to the proponent on the issue of testamen-

tary capacity, and upon a jury verdict on the issues of due execution and undue influence, admitted the last will and testament of Concetta Sommese to probate, and (2) an order of the same court, dated May 18, 1992, which denied the appellant's motion to set aside the jury verdict.

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 18, 1992, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant personally.

We find that the proponent of the will met her burden of establishing the testamentary capacity of the testatrix. At trial the uncontroverted testimony of the two subscribing witnesses (one of whom benefits indirectly under the will because her husband was to receive a bequest), and the attorney-drafter of the will, established that the testatrix, although aged, was in good health, mentally sound, and knew the extent of her property, the natural objects of her bounty, and the nature and consequences of the dispositions thereto in her will. Under the circumstances presented here, the jury could not have rationally concluded that the testatrix was unaware of the contents and nature of her will. Thus, the court properly granted judgment as a matter of law to the proponent on the issue of testamentary capacity (see, Matter of Fico, 169 AD2d 832, 832-833; Matter of Schaffer, 148 AD2d 540, 541; see also, Matter of Windheim, 192 AD2d 337).

Contrary to the appellant's assertion, the record supports the jury's finding that the will dated December 2, 1985, was not procured by the undue influence of the proponent, Adele Lena Ferretti. The record is devoid of any evidence which shows that the proponent, in fact, exerted undue influence, and it is well settled that no inference of undue influence may be drawn from the fact that the proponent had the opportunity and motive to exert influence, absent evidence that influence was actually utilized (see, Matter of Walther, 6 NY2d 49, 55; Matter of Seymour, 190 AD2d 739).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.