■ CATHERINE PETROSSIAN, Appellant, v HOWARD L. GROSSMAN et al., Respondents, et al., Defendant. [631 NYS2d 187] —In an action to recover damages, *inter alia,* for fraud and self dealing, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated October 8, 1993, which denied her motion to disqualify Jerome R. Halperin, Esq., Guy S. Halperin, Esq., and the firm of Halperin, Klein &

Halperin from representing any of the defendants in this action.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly denied the plaintiff's motion to disqualify Jerome R. Halperin, Esq., Guy S. Halperin, Esq., and Halperin, Kramer & Halperin, their predecessors, successors, and associates (hereinafter collectively HKH) as counsel for the defendants they represent.

A party's choice of counsel is a substantive right not to be taken away absent some overriding public interest *(see, Matter of Abrams [Anonymous], 62 NY2d 183)*. The burden is on the proponent of such disqualification to show sufficient proof to warrant such a determination *(see, Schmidt v Magnetic Head Corp., 101 AD2d 268, 280)*.

The plaintiff herein was not a named party in the prior suit in which HKH represented Prime Concern, Inc. (hereinafter Prime), a close corporation owned by the plaintiff's father. Further, the plaintiff has failed to allege the nature of the actual confidential information allegedly transmitted to HKH about her *(see, Greene v Greene, 47 NY2d 447; Kushner v Herman, 215 AD2d 633; Schmidt v Magnetic Head Corp., 97 AD2d 151)* or even show the reasonable probability that such information was transmitted in the course of HKH's prior representation of Prime *(cf., Sirianni v Tomlinson, 133 AD2d 391)*.

We also reject the plaintiff's contention that she could not be more specific as to any information without waiving her privilege. There is no reason why the plaintiff could not have submitted the information to the court for an in camera inspection, or submitted it pursuant to an appropriate protective order *(see, Lipin v Bender, 84 NY2d 562; Lopez v Precision Papers, 99 AD2d 507 [as to implicit use of in camera inspections])*. Such a submission would appear to be especially appropriate here, since, according to the plaintiff, HKH was already aware of this alleged confidential information.

We have examined the plaintiff's remaining contentions and find them to be without merit. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.