■ SEYMOUR GUSSACK, Respondent, v GARY GOLDBERG et al., Appellants. [670 NYS2d 579] —In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 3, 1997, which granted the plaintiff's motion to disqualify their counsel.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In 1994, the plaintiff commenced the instant action against the defendants alleging, inter alia, fraud concerning an investment in Wildwood of America, Inc. The defendants were represented by the law firm of Deutsch & Frey, L. L. P. (hereinafter Deutsch). Approximately two years later, when discovery was almost complete, the plaintiff noticed the deposition of Rose McCoy. Deutsch had represented McCoy in a similar action against the defendants which was commenced in or about 1989 and terminated in 1993.

After noticing McCoy's deposition, the plaintiff moved to disqualify Deutsch as counsel for the defendants. The Supreme

Court granted the plaintiff's motion. The court reasoned: "Considering that the law firm now representing defendants, successfully represented Rose McCoy in her substantially similar action against these very same defendants and she has elsewhere expressed her disturbance and lack of consent to this situation to this Court * * * is sufficient to invoke [Code of Professional Responsibility DR] 5-108". We reverse.

"A party's choice of counsel is a substantive right not to be taken away absent some overriding public interest" (*Petrossian v Grossman,* 219 AD2d 587, 588). The burden is on the party moving for disqualification under Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27) to prove "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131). The plaintiff herein, i.e., the party moving for disqualification, did not have a prior attorney-client relationship with Deutsch. Moreover, the plaintiff was not a named party in the prior action in which Deutsch represented McCoy against the defendants. That prior action resulted in a settlement in favor of McCoy in the amount of $555,000, and a satisfaction of judgment was entered in that action on April 9, 1993 (*see, McCoy v Goldberg,* 883 F Supp 927, 931). Several months after the McCoy case was closed, Deutsch agreed to represent the defendants in any future litigation. Under these circumstances, the plaintiff's argument, i.e., that McCoy feels "betrayed" as "she [now] observes [Deutsch] seeking to absolve" the defendants, is insufficient, standing alone, to warrant the granting of the plaintiff's motion to disqualify Deutsch as the defendants' counsel.

We have examined the plaintiff's remaining arguments and find them to be without merit (*see, Petrossian v Grossman, supra; cf., Sirianni v Tomlinson,* 133 AD2d 391). Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.