◼ In the Matter of the Estate of FELIX EPSTEIN, Deceased. SONIA MAUTHNER, Appellant; PETER EPSTEIN, Respondent. [680 NYS2d 655] —In a proceeding for judicial settlement of an estate and an estate trust, Sonia Mauthner appeals from (1) an order of the Surrogate's Court, Queens County (Nahman, S.), dated December 15, 1997, which denied her motion to disqualify the law firm then known as Farrell, Fritz, Caemmerer, Cleary, Barnowsky & Armentano, P. C., from representing the petitioner, Peter R. Epstein, in connection with the final accounting of the estate, and (2) an order of the same court, also dated December 15, 1997, which denied her motion to disqualify the same law firm from representing the petitioner in connection with the intermediate accounting of an estate trust.

Ordered that the orders are affirmed, with one bill of costs payable by the appellant personally.

Felix Epstein died in 1994, leaving his estate in the hands of his son, Peter, who was appointed in 1994 as the executor of the estate and the trustee of a testamentary trust for the benefit of his mother, Gertrude Epstein. In 1994, Peter's sister, the appellant Sonia Mauthner, engaged in a brief consultation with attorney Michael Feigenbaum, allegedly in connection with her interest in the estate; however, she did not engage his services. In 1997, without knowledge of his prior association with Sonia, Gertrude hired Feigenbaum as her counsel to advise her with regard to the estate trust. Also in 1997, Peter's

counsel, the law firm then known as Farrell, Fritz, Caemmerer, Cleary, Barnowsky & Armentano, P. C. (hereinafter Farrell Fritz), consulted with Feigenbaum regarding a tax benefit arrangement in which Peter, at the behest of his mother, invaded the principal of the trust for early distribution to Peter of stock in the family business, a company which his father's will provided that Peter would receive upon his mother's demise. Sonia filed formal objections to the accounting subsequently filed by Peter with regard to the estate and the trust.

Thereafter, when Sonia discovered that Feigenbaum was representing Gertrude Epstein, Sonia requested that both Feigenbaum and Farrell Fritz withdraw from the case on the ground that Feigenbaum may have imparted to Farrell Fritz confidential information which she had revealed to him in 1994. Feigenbaum voluntarily withdrew from his representation of Gertrude to avoid the appearance of impropriety. In a letter to Sonia's counsel, however, he noted that he had no recollection of Sonia's consultation with his firm in 1994, and he surmised that she may have sought representation in connection with a substantial distribution to her from the estate around that same time. Farrell Fritz declined to withdraw as counsel, indicating that it had not received from Feigenbaum any information regarding Sonia, and it did not perceive a conflict of interest. Sonia moved to disqualify Farrell Fritz, arguing that allowing that firm to continue as counsel created the appearance of impropriety.

" 'A party's choice of counsel is a substantive right not to be taken away absent some overriding public interest' " (*Gussack v Goldberg,* 248 AD2d 671, 672; *see also, Petrossian v Grossman,* 219 AD2d 587). The burden is on the party moving for disqualification to prove (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse (*see, Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131; *see also, Solow v Grace & Co.,* 83 NY2d 303, 308). Sonia did not have a prior attorney-client relationship with Farrell Fritz. Moreover, the record indicates that at the time of Sonia's preliminary consultation with Feigenbaum, the issue regarding the invasion of the trust and the accounting had not yet arisen. Furthermore, there is insufficient evidence in the record that any confidences were imparted to Farrell Fritz which would justify its disqualification as counsel for the trustee of the estate trust. As the disqualification of an attorney is a matter

which rests within the sound discretion of the court, under the circumstances of this case we discern no improvident exercise of that discretion (*see, Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599, 601). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.