■ In the Matter of the Estate of FLORENCE MUSSO, Also Known as BRIDGITTA MUSSO, Also Known as BRIDGET MUSSO, Deceased. GEORGE HAMILTON et al., Appellants; ARTHRITIS FOUNDATION et al., Objectants-Respondents, et al., Respondents. [711 NYS2d 331] —In a probate proceeding, George Hamilton appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Feinberg, J.), dated February 18, 1999, as, in effect, upon granting renewal, adhered to its original determination denying his motion for summary judgment dismissing objections to the decedent's 1991 will and for partial probate of a will in his favor, and Chase Manhattan Bank separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing objections to the probate of the decedent's 1991 will.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellants' motions which were to dismiss the objections relating to the issue of testamentary capacity, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants payable by the objectants-respondents personally.

The Surrogate erred in finding that there was an issue of fact as to the decedent's testamentary capacity. The attorney who drafted the will testified at an examination before trial that the decedent was explicit and specific as to what she wanted in her will. The three attorneys who witnessed the will

also found, based on the decedent's demeanor, responses to questions, and conversations, that the decedent was mentally competent to execute the will. Additionally, the decedent's stockbroker testified at an examination before trial that the decedent controlled her financial affairs and made her own investment decisions until her death.

Contrary to the Surrogate's finding, the decedent did not disregard the tax consequences of her new will. Although she refused to discuss her assets with her attorney, she stated that she might consider a subsequent revision to the will involving a trust, but that she would advise him of her decision. Accordingly, the record indicates that the decedent knew the nature and extent of her property and the natural objects of her bounty (*see, Matter of Kumstar,* 66 NY2d 691, 692; *Matter of Esberg,* 215 AD2d 655; *Matter of Sommese,* 204 AD2d 728).

The remaining contentions of the appellant George Hamilton are without merit. O'Brien, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.