OPINION OF THE COURT
Kenneth L. Gartner, J.
Petitioner moves for an order disqualifying respondent’s attorney. Petitioner’s motion is based solely upon the ground that the attorney holds public office — as a Town Councilman — in the same county where this matter is pending. Petitioner claims that the Code of Professional Responsibility prohibits, per se, representation as an attorney of any private client by any public official holding any court, town, or other office anywhere in that county.
While previously addressed in the opinions of bar association ethics committees, this issue has not previously been judicially addressed.
Petitioner cites Code of Professional Responsibility DR 8-101 (a) (2) (22 NYCRR 1200.42 [a] [2]) in support of his motion for disqualification.
*46 DR 8-101 (a) (2) provides:
“a. A lawyer who holds public office shall not: * * *
“2. use the public position to influence, or attempt to influence, a tribunal to act in favor of the lawyer or of a client.”
In fact, this rule has been interpreted more narrowly than the petitioner would have.
New York State Bar Association Committee on Professional Ethics Opinion 435 (1976) determined that, with exceptions not relevant here, a county legislator was not proscribed from representing a private client in matters within the courts of that county:
“[W]here there is no actual or potential conflict between the official’s public duties and the interests of private clients, no use of improper influence, or appearance thereof, and no basis for public suspicion that the private client is seeking or hoping to get some improper advantage, there should be no disqualification.”
The exceptions identified by the Committee would include appearances before judges whose appointment or confirmation were or could be subject to confirmation by the legislative body of which the lawyer was a member, if the municipal body the lawyer served or an agency thereof were a contesting party, or criminal matters where the legislative body of which the attorney is a member has a certain degree of control over the salaries, etc., of the prosecutorial agency.
For instance, in New York State Bar Association Committee on Professional Ethics Opinion 692 (1997), the Committee opined that a part-time city or county legislator could not represent criminal defendants in cases in which the legislator expected to cross-examine a police officer who was a member of a police department over which the legislator had budgetary authority, or in which the legislator would be opposing a lawyer over whose office the Legislature had budgetary authority. And in Bar Association of Nassau County Committee on Professional Ethics Opinion 93-20 (1993), the Committee opined that an attorney serving on his City Council may not represent a private party in the City Court when the opposing party is represented by the City Attorney appointed by the City Council, or appear before a judge appointed by the same City Council, or appear on a matter involving the legislation of the same city, or represent criminal defendants where he may have to cross-examine city police officers. But in New York. State Bar Association Committee on Professional Ethics *47 Opinion 655 (1994), the Committee opined that absent evidence of improper influence or impaired professional judgment, it was not improper for an attorney-member of the town zoning board of appeals to represent a personal injury client even in litigation against the town.
None of the identified disqualifying situations are apparently presented here, nor are any other factors identified which would make this rule applicable. The petitioner has rested exclusively on the existence of a purported per se rule which simply does not exist.
“A party’s choice of counsel is a substantive right not to be taken away absent some overriding public interest” (see Petrossian v Grossman, 219 AD2d 587, 588 [2d Dept 1995]). The movant bears the burden of demonstrating disqualification is warranted (id.).
Inasmuch as petitioner has failed to meet his burden, disqualification is not warranted and petitioner’s motion is hereby denied, albeit without prejudice to the petitioner renewing petitioner’s motion and upon renewal raising such facts as might exist which could support disqualification.