■ DAVID R. D'ALESSANDRO, Individually and as Limited Administrator of the Estate of KIMBERLY A. D'ALESSANDRO, Deceased, Respondent, v EASTMAN KODAK COMPANY et al., Appellants. (Appeal No. 1.) [765 NYS2d 286] —Appeal from an order of Supreme Court, Monroe County (Barry, J.), entered April 9, 2002, which granted plaintiff's motion to disqualify defendants' attorneys from representing defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this personal injury action, individually and on behalf of his wife (decedent), seeking damages for her wrongful death as well as for her pain and suffering arising from a motor vehicle accident in 1990. The vehicle driven by decedent was struck by a truck operated by former defendant Matthew S. Lobiondo, Jr. and owned by former defendants Bruce A. Bartlett and Michelle Miller (collectively, Lobiondo defendants). The Lobiondo defendants were represented by Cheryl A. Heller, Esq. when the action against them was settled in January 1998. The remaining defendants were represented by Harold A. Kurland, Esq., then an attorney at

the firm of Nixon, Hargrave, Devans & Doyle (Nixon Hargrave). Nixon Hargrave thereafter became Nixon Peabody, LLP and continued to represent defendants.

In April 2000 Kurland, Heller and others formed the law firm of Ward Norris Heller & Reidy, LLP (Ward Norris). Defendants asked Kurland to continue his representation of them, and they filed a consent to change attorneys to substitute Harold A. Kurland and Ward Norris as their counsel. By notice of motion dated August 6, 2001, plaintiff moved to disqualify Kurland and Ward Norris. He contended that, because the Lobiondo defendants were former clients of Heller, all attorneys at Ward Norris were disqualified from representing defendants. We conclude that Supreme Court erred in granting that motion.

It is well settled that, in New York, "[a] party seeking disqualification of its adversary's lawyer pursuant to DR 5-108 (A) (1) must prove[, inter alia,] that there was an attorney-client relationship between the moving party and opposing counsel" (*Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636 [1998]; *see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 132 [1996], *rearg denied* 89 NY2d 917 [1996]; *Solow v Grace & Co.*, 83 NY2d 303, 308 [1994]). Here, plaintiff failed to establish that he was a former client of Kurland, Heller or Ward Norris, and thus his motion to disqualify should have been denied (*see Manning v Brown*, 232 AD2d 849, 851 [1996], *affd* 91 NY2d 116 [1997]; *Smothers v County of Erie*, 272 AD2d 906 [2000]; *Matter of Epstein*, 255 AD2d 582, 583-584 [1998]; *Gussack v Goldberg*, 248 AD2d 671, 672 [1998]; *Corbelli v General Acc. Ins. Co. of Am.*, 198 AD2d 760 [1993]; *see also United States v Rogers*, 9 F3d 1025, 1031 [1993], *cert denied* 513 US 827 [1994]; *Telectronics Proprietary v Medtronic, Inc.*, 836 F2d 1332, 1336-1337 [1988]; *Evans v Artek Sys. Corp.*, 715 F2d 788, 791 [1983]).

Based on the foregoing, we see no need to address defendants' remaining contentions. Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.