■ In the Matter of the Estate of FRANCES VENTURA, Deceased. SALVATORE VENTURA, Appellant; NICHOLAS VENTURA et al., Respondents. [809 NYS2d 164]—

In a contested probate proceeding, the petitioner appeals from stated portions of an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated September 2, 2004, which, inter alia, denied those branches of his motion which were for summary judgment dismissing the objection, based on an alleged lack of testamentary capacity, to the probate of the will of the decedent Frances Ventura dated March 19, 1996, and to admit the will to probate, to disqualify counsel from representing both Nicholas Ventura and Vincent Ventura on the ground of conflict of interest, and for an award of an attorney's fee and costs, and granted that branch of the respondents' cross motion which was for additional discovery.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Surrogate's Court properly denied that branch of the petitioner's motion which was for summary judgment dismissing the objection to probate based on a lack of testamentary capacity (see Matter of Betz, 63 AD2d 769 [1978]). The petitioner established his prima facie entitlement to judgment as a matter of law by demonstrating through deposition testimony that a translator had fully explained the provisions of the will to the testatrix in Italian, which was her native language (see Matter of Fico, 169 AD2d 832 [1991]). In opposition, however, the respondents raised triable issues of fact on the issue of testamentary capacity by submitting hearsay evidence, and proffering an acceptable excuse therefor, consisting of an attorney's affirmation that the alleged translator was not present during the execution of the will (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; cf. Joseph v Hemlok Realty Corp., 6 AD3d 392 [2004]).

The Surrogate's Court providently exercised its discretion in denying that branch of the petitioner's motion which was to disqualify the respondents' counsel (see Matter of Epstein, 255 AD2d 582, 583-584 [1998]). The petitioner failed to make a clear showing (see Olmoz v Town of Fishkill, 258 AD2d 447 [1999]) that disqualification was warranted.

That branch of the petitioner's motion which was for an award of an attorney's fee was properly denied as the petitioner failed to demonstrate that the respondents' objections to the will were "frivolous" or made in "bad faith" (SCPA 2302 [3] [a]).

Under the circumstances of this case, the Surrogate's Court acted within its discretion in granting the respondents' cross motion seeking additional discovery. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.