Queens Neurology, P.C. v Travelers Prop. & Cas. Ins. Co. (2021 NY Slip Op
50887(U))

[*1]

Queens Neurology, P.C. v Travelers Prop. & Cas. Ins. Co.

2021 NY Slip Op 50887(U) [73 Misc 3d 127(A)]

Decided on September 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2020-273 Q C

Queens Neurology, P.C., as Assignee of
Jose Hernandez, Appellant, 
against
Travelers Property & Casualty Ins. Co., Respondent. 

 Queens Neurology, P.C., as Assignee of Johnny Ho, Appellant,
against GEICO Casualty Insurance, Respondent. 
 Queens Neurology, P.C., as Assignee of Winifred Higgins, Appellant,
against GEICO Casualty Insurance, Respondent. 
 Queens Neurology, P.C., as Assignee of Alex Gonzalez, Appellant,
against GEICO Casualty Insurance, Respondent. 
 [*2]Queens Neurology, P.C., as Assignee of Robert
Roman, Appellant, against GEICO Casualty Insurance, Respondent.

 Queens Neurology, P.C., as Assignee of Tanya S. German, Appellant,
against GEICO Casualty Insurance, Respondent. 
 Queens Neurology, P.C., as Assignee of Darrell Robinson, Appellant,
against GEICO Casualty Insurance, Respondent. 
 Queens Neurology, P.C., as Assignee of Peter John, Appellant,
against GEICO Casualty Insurance, Respondent.
 Queens Neurology, P.C., as Assignee of Michael Green, Appellant,
against GEICO Casualty Insurance, Respondent. 
 Queens Neurology, P.C., as Assignee of Vanessa Gurley, Appellant,
against GEICO Casualty Insurance, Respondent. 
 [*3]Queens Neurology, P.C., as Assignee of Dennis 
 Williams, Appellant, against GEICO Casualty Insurance, Respondent.

 Gary Tsirelman, P.C. (Stefan Belinfanti and Gary Tsirelman of counsel), for appellant.
Law Office of Tina Newsome-Lee, for respondent Travelers Property & Casualty Ins. Co.
(no brief filed).
Law Office of Goldstein, Flecker & Hopkins (Tali K. Hernstat of counsel), for respondent
GEICO Casualty Insurance.

Appeals from an order of the Civil Court of the City of New York, Queens County (John
C.V. Katsanos, J.; op 67 Misc 3d 171 [2020]), entered January 3, 2020. The order, insofar as
appealed from, upon, in effect, granting the branch of plaintiff's motion seeking to consolidate 27
actions, including the above-captioned 11 actions, for the purposes of the disposition of the
motion, denied the branches seeking to, among other things, substitute Gary Tsirelman, P.C., as
plaintiff's attorney of record in each of the above-captioned actions.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the order, insofar as appealed from, is modified by vacating so much thereof
as denied the branches of plaintiff's motion seeking to substitute Gary Tsirelman, P.C., as
plaintiff's attorney of record in each of the above-captioned actions in which GEICO Casualty
Insurance is the defendant, by granting those branches of plaintiff's motion, and by further
vacating the Civil Court's findings that plaintiff was no longer winding up its affairs, had failed
to timely be substituted, and had no standing to bring this motion; as so modified, the order,
insofar as appealed from, is affirmed, without costs.
These actions by a provider to recover assigned first-party no-fault benefits were commenced
in 2000 and 2001. In 2009, plaintiff corporation voluntarily dissolved. In 2017, plaintiff brought
the instant motion seeking to, among other things, consolidate the various [*4]actions for purposes of the motion and to substitute Gary
Tsirelman, P.C., as plaintiff's attorney of record in each action. Insofar as is relevant to this
appeal, by order entered January 3, 2020, the Civil Court, upon, in effect, granting the branch of
the motion seeking to consolidate the above-captioned actions for purposes of disposition of the
motion, denied the branches seeking to, among other things, substitute Gary Tsirelman, P.C., as
plaintiff's attorney of record in each of the above-captioned actions (Queens Neurology, P.C.
v Travelers Prop. & Cas. Ins. Co., 67 Misc 3d 171 [Civ Ct, Queens County 2020]).
With respect to the action against Travelers Property & Casualty Ins. Co., the Civil
Court denied plaintiff's motion "due to Plaintiff's failure to provide proof of service." Since there
was no argument made on this appeal that the action against Travelers Property & Casualty
Ins. Co. was improperly dismissed, we do not disturb that part of the order. 
With respect to the 10 actions against GEICO Casualty Insurance, the court found that
plaintiff, as a dissolved corporation, was no longer winding up its affairs (see Business
Corporation Law §§ 1005, 1006) and thus was required to be substituted pursuant to
CPLR 1017. The court further found that plaintiff had not sought substitution within four months
or "a reasonable time" (CPLR 1021) following its dissolution, and, thus, had no standing to bring
the instant motion. 
With certain exceptions not applicable here, "a corporation or voluntary association shall
appear by attorney" (CPLR 321 [a]), and "[a] party's choice of counsel is a substantive right not
to be taken away absent some overriding public interest" (Petrossian v Grossman, 219
AD2d 587, 588 [1995]). As plaintiff cannot take any action or make any arguments in the cases
involving GEICO Casualty Insurance without an attorney, we vacate so much of the order as
denied the branches of plaintiff's motion seeking to substitute counsel in these 10 actions and
grant those branches of the motion. In light of the foregoing, any findings made by the Civil
Court regarding whether plaintiff needed to be timely substituted (see CPLR 1017, 1021)
and/or whether plaintiff was properly still winding up its affairs (see Business
Corporation Law §§ 1005, 1006) were premature and are vacated. 
Accordingly, the order, insofar as appealed from, is modified by vacating so much thereof as
denied the branches of plaintiff's motion seeking to substitute Gary Tsirelman, P.C., as plaintiff's
attorney of record in each of the above-captioned actions in which GEICO Casualty Insurance is
the defendant, by granting those branches of plaintiff's motion, and by additionally vacating the
Civil Court's findings that plaintiff was no longer winding up its affairs, had failed to timely be
substituted, and had no standing to bring this motion.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 17, 2021