Matter of Wechsler (2022 NY Slip Op 02271)

Matter of Wechsler

2022 NY Slip Op 02271

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2018-10546

[*1]In the Matter of Francine Wechsler, deceased. Deborah Cohen, petitioner-respondent; Craig Wechsler, et al., respondents-appellants, et al., respondent. (File No. 2013-255/F)

McCarthy Fingar LLP, White Plains, NY (Frank W. Streng and Irma K. Nimetz of counsel), for respondents-appellants.
Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda of counsel), for petitioner-respondent.

DECISION & ORDER
In a probate proceeding in which Deborah Cohen, as executor of the estate of Francine Wechsler, petitioned pursuant to SCPA 2110 to fix and determine, inter alia, the amount of an attorney's fee, Craig Wechsler and Susan Baruch appeal from a decree of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated April 17, 2018. The decree, insofar as appealed from, upon an order of the same court dated April 3, 2018, inter alia, in effect, granting the petition, is in favor of Deborah Cohen, as executor of the estate of Francine Wechsler, and against Craig Wechsler and Susan Baruch in the principal sum of $33,620.
ORDERED that the decree is affirmed insofar as appealed from, with costs to the petitioner payable by Craig Wechsler and Susan Baruch personally.
The decedent died in February 2013. Thereafter, the petitioner, as executor of the decedent's estate, filed a petition for probate of the decedent's will. In July 2013, the appellants, among others, filed objections to probate of the will. The appellants later withdrew these objections. In September 2014, the petitioner filed a petition pursuant to SCPA 2110 to fix and determine, inter alia, the amount of an attorney's fee for legal services rendered in connection with the appellants' contesting of the will.
In an order dated April 3, 2018, the Surrogate's Court, inter alia, in effect, granted the petition. The court determined, among other things, that the appellants did not have a good faith belief that the will was invalid, lacked a good faith basis for filing objections to the will, and lacked any legitimate basis for continuing to contest the will after August 3, 2013. The court determined that $33,620 of fees were attributable to the appellants' contesting of the will after August 3, 2013, and that these fees should be charged to the appellants personally. The court issued a decree on April 17, 2018, inter alia, charging the appellants personally with $33,620 in attorney's fees. This appeal ensued.
SCPA 2302(3)(a) provides that a court may award a successful will proponent attorney's fees where the court "finds that the contest was brought in bad faith or was frivolous" (see [*2]Matter of Ventura, 26 AD3d 334, 335). SCPA 2301(4) provides that "an allowance may be made payable by any party personally or out of the assets of the estate" (see Matter of Greatsinger, 67 NY2d 177, 184-185).
Contrary to the appellants' contention, the Surrogate's Court properly applied the factors set forth in Matter of Hyde (15 NY3d 179), and providently exercised its discretion in attributing $33,620 in attorney's fees to the appellants for the litigation occurring after August 3, 2013. The court also providently exercised its discretion in charging these fees to the appellants personally pursuant to SCPA 2301(4) and 2302(3)(a) (see Matter of Greatsinger, 67 NY2d at 184-185; Matter of Long, 176 AD2d 1059, 1060).
The parties' remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court