■ MARY C. ROWLEY, as Executrix of JAMES P. ROWLEY, Deceased, Respondent, v WATERFRONT AIRWAYS, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for wrongful death, etc., defendants Waterfront Airways, Inc., and AMW Corp. appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated October 31, 1984, which denied that branch of their motion which was to disqualify the law firm of Speiser & Krause, P. C., from further participation in this action as counsel to plaintiff.

Order affirmed, with costs.

We agree with the determination of Justice Bellard to deny that branch of appellants' motion which was to disqualify the law firm representing plaintiff. We find that appellants lacked standing to request the relief which they sought. The underlying conflict arose out of an air crash between a helicopter and a floatplane, which resulted in the deaths of both pilots. Several actions by different parties arose from this tragic event. The estate of Bowen, the floatplane pilot, was represented by the law firm of Foglia & Altieri. The estate of Rowley, the helicopter pilot, was represented by the firm of Speiser & Krause, P.C. Catherine Granito, an attorney, was employed by Foglia & Altieri. Her uncle, John Altieri, was the attorney in charge of the prosecution of the Bowen actions. While the actions were still pending, Ms. Granito left the

employ of Foglia & Altieri and became associated with the Speiser & Krause firm, of which her father was a senior partner. The Foglia firm consisted of 3 to 4 attorneys, the Speiser firm of approximately 10 attorneys. The appellant moved to disqualify the Speiser firm from representing plaintiff, the estate of Rowley, in this action pursuant to Code of Professional Responsibility, Canons 4, 5 based upon the above information. It was alleged that Ms. Granito might have become privy to certain confidential information while employed by Foglia & Altieri which she could reveal to the firm of Speiser & Krause, P.C., for use to the detriment of the appellants.

Mr. Altieri submitted an affidavit in which he indicated that he maintained exclusive, personal control of the Bowen file, and Ms. Granito performed no work on the case, nor did she have access to the file. Similarly, Mr. Granito, on behalf of the Speiser firm, indicated that his daughter was screened from the Rowley case during the entire time that she was employed by the Speiser firm. Ms. Granito averred in her own affidavit that she neither participated in nor had access to the files for either party during her employment at either firm. At no time were the appellants ever represented by either the Foglia or the Speiser firms.

Under these circumstances we find that the appellants did not have standing to raise the disqualification issue. The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client *(see, Greene v Greene,* 47 NY2d 447; *Schmidt v Magnetic Head Corp.,* 101 AD2d 268). When the firm sought to be disqualified had never represented the moving party, that firm owed no duty to that party. And it follows that if there is no duty owed there can be no duty breached. Accordingly, the order is affirmed. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.