■ In the Matter of TOWN & COUNTRY CONSTRUCTION COM-PANY, INC. WILLIS E. SEARS, Respondent; BEVERLY BOUCHER et al., Appellants.—Weiss, J. P. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered March 22, 1989 in Washington County, which, in a proceeding pursuant to Business Corporation Law article 11, denied respondents' cross motion to dismiss the law firm acting as petitioner's counsel.

At a special meeting of shareholders of Town & Country Construction Company, Inc. (hereinafter Town & Country), a closely held domestic corporation in which petitioner owned a large block of the shares of stock, respondents, who collectively owned the remaining shares of stock, voted to remove petitioner as an officer and director of Town & Country and to notify all parties doing business with the corporation that petitioner had been stripped of his official capacities. Petitioner then commenced this proceeding by order to show cause seeking judicial dissolution of Town & Country pursuant to Business Corporation Law §§ 1104 and 1104-a, the appointment of a receiver, and an injunction restraining Town & Country from transaction of business without court permission and restraining any action by creditors against the corporation except by court permission. Respondents cross-moved for modification or vacatur of the injunction and for an order disqualifying the law firm of Bartlett, Pontiff, Stewart, Rhodes & Judge (hereinafter the Bartlett firm) as petitioner's counsel because of an alleged conflict of interest between Town & Country and other clients of the Bartlett firm. Supreme Court granted an order dissolving the corporation and appointing a permanent receiver, and denied the cross motion seeking

disqualification of the Bartlett firm.* This appeal by respondents is from so much of the order as denied their cross motion to disqualify the Bartlett firm.

Petitioner contends that respondents lack standing to assert a motion for disqualification. We agree. The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by the attorney to a current or former client *(Rowley v Waterfront Airways,* 113 AD2d 926, 927; *see, Greene v Greene,* 47 NY2d 447, 453). Here, the relationship between petitioner's counsel and respondents is adversarial. The fiduciary relationship respondents seek to establish is within this proceeding and is based upon petitioner's relationship as an ex-officer and ex-director of Town & Country. From a continuing duty flowing from that relationship, respondents allege that petitioner owes them a duty and, by extrapolation, that petitioner's counsel owes them a duty. With that duty, respondents allege a conflict of interest on the part of the Bartlett firm as they also represent other entities against Town & Country. We find that the Bartlett firm does not owe respondents a fiduciary duty, has never represented respondents and has never had a confidential relationship with respondents *(see, Cardinale v Golinello,* 43 NY2d 288; *Rowley v Waterfront Airways, supra).*

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

---

* The order indicates that respondents consented to judicial dissolution under Business Corporation Law § 1104.