■ In the Matter of ELEANOR F. REICHENBAUM, as Executrix of HARRY REICHENBAUM, Deceased, Respondent, v REICHENBAUM & SILBERSTEIN, P. C., Appellant.—In a discovery proceeding pursuant to SCPA 2103 to ascertain the value of the decedent's property, Reichenbaum & Silberstein, P. C., appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated January 17, 1989, which denied its motion to disqualify the petitioner's attorneys.

Ordered that the order is affirmed, with costs payable to the estate by the appellant.

Harry Reichenbaum died on January 25, 1988. Thereafter, letters testamentary were duly issued to the petitioner herein, his surviving spouse, Eleanor F. Reichenbaum. The petitioner hired the firm of Bower & Gardner to represent her late husband's estate.

At the time of his death, Harry Reichenbaum was a member and shareholder of Reichenbaum & Silberstein, P. C. (hereinafter the law firm). As the estate's attorneys, Bower & Gardner requested certain materials from the law firm which were essential to determine the value of the estate, inasmuch as the materials concerned the value of the decedent's interest in the law firm. When the law firm failed to allow Bower & Gardner to inspect the financial books and records requested, the executrix commenced this discovery proceeding. A month later, the law firm moved to disqualify Bower & Gardner from representing her.

In support of its motion, the law firm alleged that insofar as Bower & Gardner represents defendants in well over 50 pending malpractice cases in which the law firm represents the plaintiffs, Bower & Gardner's representation of the execu-

trix will necessarily lead to conflicts of interest and loyalty as well as to the appearance of impropriety. We disagree.

The law firm has failed to establish that it is a party entitled to seek the disqualification of the petitioner's legal counsel. Indeed, as we observed in *Rowley v Waterfront Airways* (113 AD2d 926, 927): "The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client *(see, Greene v Greene,* 47 NY2d 447; *Schmidt v Magnetic Head Corp.,* 101 AD2d 268). When the firm sought to be disqualified had never represented the moving party, that firm owed no duty to that party. And it follows that if there is no duty owed there can be no duty breached." It is clear in the present case that Bower & Gardner has neither represented nor owed any attorney-client fiduciary duty to the law firm. Hence, our holding in *Rowley,* which was recently adopted by the Appellate Division, Third Department, in *Matter of Town & Country Constr. Co. (Sears—Boucher)* (160 AD2d 1085), mandates an affirmance herein.

In any event, the law firm's claims in support of disqualification are without merit. "The right to counsel of choice is not absolute and may be overridden where necessary—for example, to protect a compelling public interest—but it is a valued right and any restrictions must be carefully scrutinized" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443). The law firm has failed to sustain its burden of demonstrating that disqualification is warranted *(see, Cicero & Pastore Assocs. v Patchogue Nursing Center,* 149 AD2d 647). Bower & Gardner's representation of the estate does not place it in the position of acquiring confidential information that can be used against the law firm's clients. Bower & Gardner seeks only to evaluate the decedent's interest in the law firm as of the date of his death. This process does not necessitate, nor does Bower & Gardner seek, a detailed inquiry into the substantive nature of the law firm's pending cases. It was expressly stated at oral argument that Bower & Gardner does not wish to examine case files maintained by the law firm. Moreover, any information which might be potentially damaging can easily be redacted from the financial documents Bower & Gardner seeks to inspect.

Additionally, the law firm has not demonstrated any conflict or impropriety arising from Bower & Gardner's representation of the executrix on the one hand and malpractice defendants on the other. Any alleged conflict is too remote, since the matters in which each of these parties are involved are clearly separate and distinct *(cf., Narel Apparel v American Utex*

*Intl.,* 92 AD2d 913). The disqualification of an attorney is a matter which rests within the sound discretion of the court, and under the circumstances of this case, we discern no improvident exercise of that discretion *(see, Schmidt v Magnetic Head Corp.,* 101 AD2d 268). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.