■ SIEGEL CONSULTANTS, LTD., Plaintiff, v DOBBS FERRY HOSPITAL ASSOCIATION, Defendant and Third-Party Plaintiff-Respondent. ROBERT A. SCHAEFER, Third-Party Defendant-Appellant. [610 NYS2d 876] —In a third-party action for indemnification based, *inter alia,* upon breach of fiduciary duty and negligence, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 2, 1992, as denied his motion for summary judgment dismissing the third-party action and to disqualify counsel for the defendant third-party plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that triable issues of fact exist with regard to whether the decedent, George Schaefer, had the authority to enter into the brokerage commission agreement on behalf of the respondent, and whether the respondent subsequently approved or ratified that agreement. Therefore, the appellant's motion for summary judgment was

properly denied *(see, Zuckerman v City of New York,* 49 NY2d 557).

We also find that there is no basis to disqualify the respondent's counsel. The record indicates that the respondent's counsel never represented the decedent. Further, the appellant failed to prove that there was a reasonable probability that the decedent imparted confidential information to the respondent's counsel in preparation for his deposition *(see, Rowley v Waterfront Airways,* 113 AD2d 926; *Saftler v Government Empls. Ins. Co.,* 95 AD2d 54). Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.