■ In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY, Relative to Acquiring Title to Real Property for a Long Island Railroad Storage Facility in the Borough of

Manhattan, City of New York, Respondent. MICHAEL COHEN, Appellant. [635 NYS2d 604] —Order, Supreme Court, New York County (Stanley Parness, J.), entered September 8, 1994, which denied claimant Cohen's motion to disqualify the law firm of Tenzer, Greenblatt, Fallon and Kaplan, unanimously affirmed, without costs.

Claimant has failed to satisfy his burden of proving that the law firm of Tenzer Greenblatt and counsel Greilsheimer are both appearing for and opposing a client "on substantially related matters [in which] the client's interests are adverse" (*Solow v Grace & Co.*, 83 NY2d 303, 306).

The subject matter of the Metropolitan Transportation Authority (MTA) condemnation proceeding, which will determine the fair market value of the condemned property, is not "substantially related" to, or "adverse" to the interests of any Tenzer Greenblatt clients in, the subject matter of a prior action by certain trust beneficiaries against Security Pacific, wherein this Court determined that an assignment of an interest in the condemnation award was invalid (*Sisler v Security Pac. Bus. Credit*, 203 AD2d 28, *lv denied* 84 NY2d 810).

Claimant has also failed to establish that Tenzer Greenblatt or trial counsel was or will be privy to any confidential information that would create a disqualifying conflict of interest under the standards set forth by the Court of Appeals in *Solow v Grace & Co. (supra)*, or that there was "a 'reasonable probability of disclosure' " of confidences in the Tenzer firm (*Saftler v Government Empls. Ins. Co.*, 95 AD2d 54, 57).

Tenzer Greenblatt and Greilsheimer have also satisfied the requisites of Code of Professional Responsibility DR 5-105 (c) (22 NYCRR 1200.24 [c]), which permits simultaneous representation of multiple clients "if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure", by obtaining the informed consent of all the parties actually involved in the representation issue, including the MTA and the trust beneficiaries. We conclude that Tenzer Greenblatt made full disclosure of the consequences of the dual representation.

Nor has the claimant demonstrated that he would suffer any prejudice as a result of the continued representation. Indeed, claimant's standing to make this motion is dubious since he was not a present or former client of either the Tenzer Greenblatt law firm or its trial counsel (*see, Rowley v Waterfront Airways*, 113 AD2d 926). On the other hand, the MTA would be severely prejudiced by disqualification of trial counsel, who has continuously represented the MTA since 1988, on the eve

of the condemnation trial. A civil litigant has a fundamental right to legal counsel of choice (*Lightning Park v Wise Lerman & Katz*, 197 AD2d 52, 54). Concur—Wallach, J. P., Kupferman, Williams and Tom, JJ.