■ RALPH GENOVA, Appellant, v CAROLE GENOVA, Respondent. [641 NYS2d 555] —In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated March 13, 1995, which granted the wife's motion to disqualify Elliott M. Epstein from representing him in the instant action.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion to disqualify Elliott M. Epstein from representing the husband is denied.

A party seeking to disqualify an attorney or a law firm must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representation are both adverse and substantially related (*see, Solow v Grace & Co.,* 83 NY2d 303, 308; *Cardinale v Golinello,* 43 NY2d 288). In this case, the wife's submissions failed to allege that counsel Elliott M. Epstein's prior representation of her and his current representation of the husband were both adverse and substantially related.

Contrary to the Supreme Court's conclusion, we find that Mr. Epstein did not concede in his letter to John Reilly dated April 18, 1994, that his current representation of the husband presented a conflict of interest. At most, the letter was properly anticipating the wife's position on the matter. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.