■ JAMES VANARTHROS et al., Respondents, v ST. FRANCIS HOSPITAL et al., Appellants, and JOHN BOYD et al., Respondents. [651 NYS2d 164] —In a medical malpractice action to recover damages for personal injuries, etc., the defendant St. Francis Hospital appeals (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated October 31, 1995, which granted the motion of the plaintiffs to appoint a temporary administrator for the estate of Dr. "John" Boyd and appointed the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker as guardian to act as temporary administrator of the estate of the defendant Dr. "John" Boyd for purposes of defending the action, and (2) as limited by its brief, from so much of an order of the same court, dated March 20, 1996, as (a) denied its motion (i) for leave to interpose a cross claim for breach of contract against the defendant National Emergency Services of New York P. C., (ii) for a hearing on the insurance coverage available to certain defendants, (iii) to disqualify the firm of Wilson, Elser Moskowitz, Edelman & Dicker from representing the estate of Dr. Boyd, and (b) upon the granting of its separate motion, in effect, to reargue the plaintiffs' motion to appoint a temporary administrator for the estate of "John" Boyd, adhered to its original determination. The defendant Howard Rose separately appeals from so much of the order dated March 20, 1996, as, upon the granting of his cross motion, in effect, to reargue the plaintiffs' motion to appoint a temporary administrator, adhered to its original determination.

Ordered that the appeal from the order dated October 31, 1995, is dismissed as that order was superseded by so much of the order dated March 20, 1996, made upon reargument; and it is further,

Ordered that the order dated March 20, 1996, is affirmed insofar as appealed and cross appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The defendant St. Francis Hospital (hereinafter St. Francis), lacks standing to complain about the representation of the estate of "John" Boyd by the law firm of Wilson, Elser, Edelman & Dicker (hereinafter Wilson, Elser), as St. Francis is neither a present nor a former client of that firm (*see, Matter of Metropolitan Transp. Auth. [Cohen], 222 AD2d 340; Matter of Reichenbaum v Reichenbaum & Silberstein, P. C., 162 AD2d 599; Matter of Town & Country Constr. Co., 160 AD2d 1085; Rowley v Waterfront Airways, 113 AD2d 926*).

Moreover, St. Francis failed to demonstrate that the former and current representation by Wilson, Elser of Boyd and/or

the defendants National Emergency Services, Inc. (hereinafter NES) and National Medical Services of New York, P. C. (hereinafter NMS) is adverse (*see, Solow v Grace & Co.,* 83 NY2d 303, 308; *Greene v Greene,* 47 NY2d 447, 452; *Matter of Metropolitan Transp. Auth. [Cohen], supra; Genova v Genova,* 226 AD2d 502).

The Supreme Court properly denied the requests for additional discovery after the filing of the note of issue because St. Francis and the defendant Howard Rose failed to demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue (*see, Fox Co. v Sleicher,* 186 AD2d 537, citing 22 NYCRR 202.21 [e], [d]; *Keane v Ranbar Packing,* 121 AD2d 601).

To the extent that St. Francis sought leave to file a late cross claim for breach of contract based on the alleged failure of NES to procure any insurance for St. Francis, NMS, or Boyd, the Supreme Court properly determined that the cross claim was barred by the Statute of Limitations (*see,* CPLR 213; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402). Finally, the Supreme Court properly determined that St. Francis failed to state a cause of action for breach of contract based on the allegation that NES obtained the required insurance coverage, but that such coverage was exhausted or impaired due to the insolvency of one of the insurers.

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.