■ EARLEAN D. SMOTHERS, Appellant, v COUNTY OF ERIE et al., Defendants, and MANDEEP K. BRAR, Respondent. [707 NYS2d 577] —Order unanimously affirmed without costs. Memorandum: In July 1999 Mandeep K. Brar, M.D. (defendant) retained the former attorneys of plaintiff's treating physician, who had been represented by them in March 1998 for purposes of a deposition in plaintiff's medical malpractice case against defendant. Plaintiff moved to disqualify the attorneys from representing defendant on the ground of a conflict of interest. We conclude that Supreme Court did not abuse its discretion in denying plaintiff's motion (see, Olmoz v Town of Fishkill, 258 AD2d 447, 447-448). Plaintiff failed to prove that she had a prior attorney-client relationship with those attorneys, nor did she establish that the interests of her nonparty treating physician and defendant are materially adverse (see, Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131, rearg denied 89 NY2d 917). Moreover, plaintiff failed to identify specific confidential information imparted to the attorneys by her treating physician (see, Nowak v Pillich, 186 AD2d 1018, 1018-1019). Plaintiff's argument that defendant may eventually assert a claim for contribution against plaintiff's treating physician is not preserved for our review (see, Gorman v Ravesi, 256 AD2d 1134) and, in any event, is speculative and thus does not warrant disqualification (see, Olmoz v Town of Fishkill, supra, at 447-448). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Disqualify Counsel.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.