■ LORETTA DOMINGUEZ, Respondent, v COMMUNITY HEALTH PLAN OF SUFFOLK, INC., et al., Appellants, et al., Defendant. [725 NYS2d 377] —In an action to recover damages for medical malpractice and wrongful death, the defendants Community Health Plan of Suffolk, Inc., Alan Fetterman, "John" Kinsley, and Andrew Jerry Radzik appeal, by permission, from an order of the Supreme Court, Suffolk County (Berler, J.), dated November 15, 2000, which, sua sponte, disqualified their attorneys.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the disqualification is vacated.

The Supreme Court improvidently exercised its discretion in sua sponte disqualifying the appellants' law firm. A party's entitlement to be represented in ongoing litigation by counsel of its own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (see, Olmoz v Town of Fishkill, 258 AD2d 447; see also, S & S Hotel Ventures v 777 S. H. Corp., 69 NY2d 437, 443; Matter of Metropolitan Transp. Auth., 222 AD2d 340). Here, the individual appellants submitted affidavits to the Supreme Court indicating that they were fully informed of the potential conflict of interest in their law firm's multiple representation, and consented to the continued representation. Those affidavits satisfied the requirements of the Code of Professional Respon-

sibility DR 5-105 (C) (*see,* 22 NYCRR 1200.24 [c]). The Supreme Court's conclusory assertions and speculation as to the existence of a conflict of interest given the mere fact of multiple representation was insufficient to warrant disqualification (*see, Olmoz v Town of Fishkill, supra; see also, Smothers v County of Erie,* 272 AD2d 906). Moreover, the appellants would be severely prejudiced by disqualification on the eve of trial of counsel who has continuously represented them since the commencement of the action in 1991 (*see, Matter of Metropolitan Transp. Auth., supra*). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.