■ SIMONE OGILVIE et al., Appellants-Respondents, v McDONALD'S CORPORATION et al., Respondents-Appellants, et al., Defendant. [742 NYS2d 898] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated February 6, 2001, as denied their motion to add the defendants' attorneys as defendants, and the defendants other than the ABC Corporation cross-appeal, as limited by their brief, from so much of the same order as granted the plaintiffs' motion for leave to amend their complaint to add Richard Yandoli as a defendant, and denied their cross motion to dismiss the complaint insofar as asserted against the defendants Thurman Lee Foods, Inc., Yandoli Foods, Inc., and Yandoli Foods, Inc.—National Store No. 11542.

■ SIMONE OGILVIE et al., Appellants, v McDONALD'S CORPORATION et al., Respondents, et al., Defendant. [742 NYS2d 897] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Hall, J.), dated April 12, 2001, as, upon, in effect, granting reargument, adhered to a prior determination in an order dated February 6, 2001, denying their cross motion for leave to add the defendants' attorneys as defendants, and (2) from so much of an order of the same court, dated July 23, 2001, as denied their motion to disqualify the defendants' attorneys. The cross appeal of the defendants other than ABC Corporation from the order dated February 6, 2001 (see Ogilvie v McDonald's Corp., 294 AD2d 549 [decided herewith]) brings up for review so much of the order dated April 12, 2001, as, upon reargument, adhered to so much of the original determination in the order dated February 6, 2001, as granted the plaintiffs' motion for leave to

amend the complaint to add Richard Yandoli as a defendant, and denied the cross motion of the defendants other than ABC Corporation for summary judgment dismissing the complaint insofar as asserted against the defendants Thurman Lee Foods, Inc., Yandoli Foods, Inc., and Yandoli Foods, Inc.—National Store No. 11542 (*see* CPLR 5517 [b]).

Ordered that the order dated April 12, 2001, is modified by (a) deleting the provision thereof granting the plaintiffs' motion for leave to amend their complaint to add Richard Yandoli as a defendant, and substituting therefor a provision denying that motion, and (b) deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed from and reviewed, and the order dated February 6, 2001, is modified accordingly; and it is further,

Ordered that the order dated July 23, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

While leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (*see Leszcynski v Kelly & McGlynn,* 281 AD2d 519; *Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636). The defendant Richard Yandoli established that, as president of the injured plaintiff's corporate employer, the action against him is barred by the workers' compensation defense (*see Heritage v Van Patten,* 59 NY2d 1017; *Coppola v Singer,* 211 AD2d 744; *see also Alejandro v Riportella,* 250 AD2d 556). Accordingly, the Supreme Court erred in granting the plaintiffs' motion to add Yandoli as a defendant. Likewise, the Supreme Court should have granted that branch of the cross motion of the defendants other than the ABC Corporation which was for summary judgment dismissing the complaint insofar as asserted against the defendant Thurman Lee Foods, Inc., based on the workers' compensation defense.

The defendants Yandoli Foods, Inc., and Yandoli Foods, Inc.—National Store No. 11542 (hereinafter the Yandoli corporate defendants) provided ample evidence in support of their cross motion to demonstrate that they are not answerable for any liability to the plaintiffs as they did not become corporate entities until nearly two months after the incident at issue. In opposition, the plaintiffs offered speculative claims of no probative value. Accordingly, the Supreme Court erred in denying that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted

against the Yandoli corporate defendants (*see Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to disqualify the attorneys for the defendants other than the ABC Corporation because of an alleged conflict of interest. "The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client." (*Rowley v Waterfront Airways,* 113 AD2d 926, 927.) Since the plaintiffs are neither present nor former clients of the subject attorneys, they have no standing to seek their disqualification (*see Vanarthros v St. Francis Hosp.,* 234 AD2d 450; *Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599; *Rowley v Waterfront Airways,* 113 AD2d 926). In any event, the plaintiffs' motion was without merit (*see Olmoz v Town of Fishkill,* 258 AD2d 447; *Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599).

The plaintiffs' remaining contention is without merit. Altman, J.P., Krausman, Goldstein and Adams, JJ., concur.