■ GEORGE C. MILLER BRICK CO., INC., Appellant, v STARK CERAMICS, INC., Respondent. (Appeal No. 1.) [778 NYS2d 657]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 13, 2003. The order denied plaintiff's motion for the continued admission of Mark Hannabury as an attorney pro hac vice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: In 1995, shortly after this action was commenced, plaintiff successfully moved for an order admitting Mark Hannabury as an attorney pro hac vice. Hannabury was at that time an attorney licensed to practice law in Connecticut. On July 23, 2002, defendant's counsel informed Hannabury at a settlement conference that his Connecticut license had been suspended. Hannabury, who was unaware of the suspension before that conference, informed Supreme Court of the suspension, but the court allowed Hannabury to continue with the settlement conference. Hannabury thereafter contacted the Connecticut authorities and learned that his suspension was due to his alleged failure to pay a mandatory client security fund fee beginning in 1999. Hannabury immediately paid the past due amount and his license was reinstated effective July 26, 2002. Apparently in response to the court's directive, plaintiff moved in September 2002 for the continued admission of Hannabury pro hac vice. In support of that motion, Hannabury submitted an affidavit explaining the circumstances of his license suspension. Hannabury established that, although he was not without fault, the Statewide Grievance Committee in Connecticut also made errors in handling correspondence and inquiries from Hannabury. Nevertheless, the court denied the motion, relying, not on the fact that Hannabury's license had been suspended but, instead, relying on the fact that Hannabury was a New York resident who did not practice law in Connecticut and thus was not entitled to pro hac vice status in New York. We conclude under the circumstances of this case that the court abused its discretion in denying plaintiff's motion (see generally 22 NYCRR 520.11 [a] [1]). The facts on which the court relied were either known or available to defendant at the time of plaintiff's motion in 1995, and the revocation of Hannabury's admission pro hac vice seven years later, on the eve of trial, would result in

serious prejudice to plaintiff (*see generally Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294 [2001]). Although plaintiff has New York counsel of record, it is apparent that, of plaintiff's attorneys, Hannabury is most familiar with the case. We therefore reverse the order and grant the motion. Present—Wisner, J.P., Hurlbutt, Gorski and Hayes, JJ.