■ JOHN B. ELLISON, Appellant, v CHARTIS CLAIMS, INC., Also Known as AMERICAN INTERNATIONAL GROUP DOMESTIC CLAIMS, INC., et al., Respondents. [35 NYS3d 922]—

In an action, inter alia, to recover damages for employment discrimination on the basis of race and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 2, 2013, as denied that branch of his motion which was to disqualify Paul Hastings, LLP, from jointly representing the individual defendants and the corporate defendant in the action, and (2) so much of an order of the same court dated July 17, 2014, as denied that branch of his motion which was to compel the defendants to comply with certain discovery demands.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The basis of a motion to disqualify an attorney due to an alleged conflict of interest "is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client" (*Ogilvie v McDonald's Corp.*, 294 AD2d 550, 552 [2002] [internal quotation marks omitted]; *see Rowley v Waterfront Airways*, 113 AD2d 926, 927 [1985]). "When the firm sought to

be disqualified ha[s] never represented the moving party, that firm owe[s] no duty to that party. And it follows that if there is no duty owed there can be no duty breached" (*Rowley v Waterfront Airways*, 113 AD2d at 927). Here, it is undisputed that the plaintiff was never a client of Paul Hastings, LLP. Since the plaintiff is neither a present nor a former client of the subject law firm, he lacked standing to seek disqualification of Paul Hastings, LLP, as the attorneys for the individual defendants in the action (*see Ogilvie v McDonald's Corp.*, 294 AD2d at 552; *Matter of Epstein*, 255 AD2d 582, 583 [1998]; *Vanarthros v St. Francis Hosp.*, 234 AD2d 450, 450 [1996]; *Rowley v Waterfront Airways*, 113 AD2d at 927). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to disqualify Paul Hastings, LLP, from jointly representing the individual defendants and the corporate defendant.

"While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion" (*Blagrove v Cox*, 294 AD2d 526, 526 [2002]). Here, the Supreme Court's denial of that branch of the plaintiff's motion which was to compel the defendants to comply with certain discovery demands was not an improvident exercise of its discretion. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.