Koumantaros v Hephaistos Developing, LLC (2022 NY Slip Op 01778)





Koumantaros v Hephaistos Developing, LLC


2022 NY Slip Op 01778


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-08706
 (Index No. 715187/17)

[*1]Cindy Koumantaros, et al., respondents,
v
Hephaistos Developing, LLC, et al., defendants, CDW Carpentry, Inc., appellant.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow, NY (Joanne Emily Bell of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James Anthony Wolff of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover for damage to property, the defendant CDW Carpentry, Inc., appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 24, 2019. The order denied that defendant's motion to disqualify the law firm of Sacco & Fillas, LLP, from the continued representation of the plaintiffs.
ORDERED that the order is affirmed, with costs.
The plaintiff Cindy Koumantaros was the owner of real property on 28th Road in Queens. The plaintiffs John Argyros and Dana Argyros were the owners of an adjacent parcel of real property. The two properties were identical row houses, attached to each other by a common wall. In or about June 2017, the plaintiffs entered into an agreement with the defendant CDW Carpentry, Inc. (hereinafter CDW), among others, to add an extra upper level to each of their properties. On June 20, 2017, building materials were placed on the roof of the construction site, and the roof collapsed.
The plaintiffs retained the law firm of Sacco & Fillas, LLP (hereinafter Sacco), to represent them and they thereafter commenced this action. In its answer, CDW asserted separate counterclaims against Koumantaros and John Argyros, alleging, in essence, that Koumantaros had negligently failed to safeguard the construction site and that John Argyros was negligent in his supervision of the work at the construction site. CDW subsequently moved to disqualify Sacco from representing the plaintiffs, arguing, inter alia, that CDW's counterclaims created a conflict of interest between the plaintiffs. The Supreme Court denied the motion, and CDW appeals.
"The basis of a disqualification motion is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client" (Rowley v Waterfront Airways, 113 AD2d 926, 927; see Matter of Kelly, 23 NY2d 368, 375-376; Midwood Chayim Aruchim Dialysis Assoc., Inc. v Brooklyn Dialysis, LLC, 82 AD3d 1177, 1178). However, "[d]isqualification denies a party's right to representation by the attorney of its choice" (S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 443; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131), and may create "significant hardships" for that party (Solow v Grace & Co., 83 NY2d 303, 310; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 131; S & S Hotel Ventures Ltd. Partnership v 777 [*2]S.H. Corp., 69 NY2d at 443).
Accordingly, where the Rules of Professional Conduct (22 NYCRR 1200.0) are invoked in litigation, courts "are not constrained to read the rules literally or effectuate the intent of the drafters, but look to the rules as guidelines to be applied with due regard for the broad range of interests at stake" (Niesig v Team I, 76 NY2d 363, 369-370; see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d at 444). It is the Supreme Court's responsibility to balance the competing interests, and "[t]he disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court" (Falk v Gallo, 73 AD3d 685, 685; see Cardinale v Golinello, 43 NY2d 288, 292; Matter of Erlanger [Erlanger], 20 NY2d 778, 779; Midwood Chayim Aruchim Dialysis Assoc., Inc. v Brooklyn Dialysis, LLC, 82 AD3d at 1178).
"The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination" (Lipschitz v Stein, 65 AD3d 573, 576 [internal quotation marks omitted]; see Gulino v Gulino, 35 AD3d 812, 812). Here, CDW failed to submit evidence sufficient to sustain its burden of demonstrating that disqualification of Sacco is warranted at this juncture (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 889, 891; Lipschitz v Stein, 65 AD3d at 576). The fact that CDW interposed counterclaims alleging that Koumantaros and John Argyros were negligent, without more, is insufficient to establish that Sacco's continuing representation of the plaintiffs will involve representing differing interests (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7[a][1]; see generally Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d at 891).
Accordingly, the Supreme Court providently exercised its discretion in denying CDW's motion to disqualify Sacco from representing the plaintiffs in this action.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court