Sentry at QB, LLC v Xi Hui Wu (2023 NY Slip Op 04225)

Sentry at QB, LLC v Xi Hui Wu

2023 NY Slip Op 04225

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-08978
 (Index No. 701659/19)

[*1]Sentry at QB, LLC, et al., respondents-appellants,
v
Xi Hui Wu, et al., defendants, Sum Tsang Cheng, et al., appellants-respondents.

Law Office of Jason S. Matuskiewicz, P.C., Brooklyn, NY, for appellants-respondents.
Silverman Shin & Byrne, PLLC, New York, NY (Donald F. Schneider, Andrew V. Achiron, and Bonnie D. Espino of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants Sum Tsang Cheng, Wing Fung Chau, Wing Fung Home Realty Group, Inc., Hok Kwai Chau, Wan Bin Lu, Xiu Quin Lin, and Choi Yim Chi appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 30, 2020. The order, insofar as appealed from, denied the motion of the defendants Sum Tsang Cheng, Wing Fung Chau, Wing Fung Home Realty Group, Inc., Hok Kwai Chau, Wan Bin Lu, Xiu Quin Lin, and Choi Yim Chi to disqualify the law firm of Silverman, Shin & Byrne, PLLC, from simultaneously representing the plaintiffs and the defendants Xi Hui Wu, Chun Peter Dong, and 9008 Queens Blvd Lot, LLC. The order, insofar as cross-appealed from, denied the plaintiffs' cross-motion to impose sanctions against the defendants Sum Tsang Cheng, Wing Fung Chau, Wing Fung Home Realty Group, Inc., Hok Kwai Chau, Wan Bin Lu, Xiu Quin Lin, and Choi Yim Chi for filing a frivolous motion.
ORDERED that the order is affirmed, without costs or disbursements.
On or about December 1, 2016, Xi Hui Wu, Chun Peter Dong, and 9008 Queens Blvd Loft, LLC (hereinafter collectively the defendant-sellers), sold certain real property to the plaintiffs. The purchase price was payable in notes issued by the defendant-sellers. The defendant-sellers sold portions of one of the notes to the defendants Sum Tsang Cheng, Wing Fung Chau, Wing Fung Home Realty Group, Inc., Hok Kwai Chau, Wan Bin Lu, Xiu Quin Lin, and Choi Yim Chi (hereinafter collectively the defendants-appellants-respondents). The plaintiffs allegedly defaulted in payment and judgment was entered in favor of the defendant-sellers.
In 2019, the plaintiffs commenced this action to declare the notes null and void, and to recover damages for breach of contract, alleging that, at the closing, the defendant-sellers made agreements that they breached.
Silverman, Shin & Byrne, PLLC (hereinafter the Silverman firm), represented the defendant-sellers.
The plaintiffs and the defendant-sellers settled their dispute by agreement dated February 14, 2020, and the Silverman firm agreed to represent the plaintiffs with respect to claims against the plaintiffs by the defendants-appellants-respondents. On or about February 19, 2020, the plaintiffs executed a consent to change their attorney to the Silverman firm.
By order dated August 25, 2020, the Silverman firm was granted leave to serve an amended complaint on behalf of its new clients—the plaintiffs. The amended complaint sought a judgment declaring that the plaintiffs as purchasers did not owe the defendants-appellants-respondents anything as assignees of the defendant-sellers.
The defendants-appellants-respondents moved to disqualify the Silverman firm from simultaneously representing the plaintiffs and the defendant-sellers based upon a purported conflict of interest. They further alleged that Peter Silverman, senior partner in the Silverman firm, would be called as a witness in the case since he negotiated the settlement. The Silverman firm opposed, and cross-moved to impose sanctions for filing a frivolous motion. The Supreme Court denied both the motion and the cross-motion. This appeal and cross-appeal ensued.
"'[A] party seeking disqualification of its adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel [or a firm with which the lawyer formerly was associated], (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" (Matter of Hannah T.R. [Soya R.], 156 AD3d 887, 888, quoting Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). "The basis of a motion to disqualify an attorney due to an alleged conflict of interest 'is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client'" (Ellison v Chartis Claims, Inc., 142 AD3d 487, 487, quoting Ogilvie v McDonald's Corp., 294 AD2d 550, 552). "'When the firm sought to be disqualified ha[s] never represented the moving party, that firm owe[s] no duty to that party. And it follows that if there is no duty owed there can be no duty breached'" (Ellison v Chartis Claims, Inc., 142 AD3d at 487-488, quoting Rowley v Waterfront Airways, 113 AD2d 926, 927). Since the defendants-appellants-respondents were neither a present nor a former client of the Silverman law firm, they lacked standing to seek disqualification based upon a conflict of interest (see Ellison v Chartis Claims, Inc., 142 AD3d at 487-488).
Further, the defendants-appellants-respondents failed to specify the facts to which they expected Peter Silverman to testify and how his testimony would be necessary to their case. They also failed to show how his testimony would be prejudicial to the plaintiffs. Therefore, they failed to demonstrate that disqualification was warranted on this ground (see Empire Med. Servs of Long Is., v Sharma, 189 AD3d 1176, 1177). Accordingly, the motion for disqualification was properly denied.
With respect to the plaintiffs' cross-motion, an award of sanctions is a discretionary determination by the court (see US Bank, N.A. v Nunez, 208 AD3d 711; Pinnock v Mercy Med. Ctr., 180 AD3d 1086, 1089). Under the circumstances of this case, the Supreme Court properly denied the cross-motion. We also decline the request to impose a sanction against the defendants-appellants-respondents for prosecuting this allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court