Weaver v Hatem (2025 NY Slip Op 04931)

Weaver v Hatem

2025 NY Slip Op 04931

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2020-08287
 (Index No. 65564/19)

[*1]Everette Weaver, appellant, 
v
Albert A. Hatem, etc., et al., respondents, et al., defendant.

Everette Weaver, Hopewell Junction, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent Tracy Pardo.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Civil Rights Law §§ 50 and 51 and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 10, 2020. The order, insofar as appealed from, (1) granted the motion of the defendant Tracy Pardo pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, (2) granted the unopposed cross-motion of the defendants Albert A. Hatem, Grace Edwards-Simon, and Anfernee Simon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and (3) denied, as academic, that branch of the plaintiff's motion which was to disqualify the defendant Albert A. Hatem from representing the defendants Grace Edwards-Simon and Anfernee Simon in this action.
ORDERED that the appeal from so much of the order as granted the unopposed cross-motion of the defendants Albert A. Hatem, Grace Edwards-Simon, and Anfernee Simon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is dismissed, as no appeal lies from a portion of an order that was entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Tracy Pardo.
In September 2019, the plaintiff commenced this action against Albert A. Hatem, Grace Edwards-Simon, Anfernee Simon, Marlene Dennis, and Tracy Pardo, the Chief Clerk of the Supreme Court, Bronx County, Civil Term, and another defendant, asserting causes of action alleging violations of Civil Rights Law §§ 50 and 51 and negligence. The plaintiff also asserted a cause of action alleging a violation of Judiciary Law § 487(1) against only Hatem. The plaintiff alleged that his right to privacy was violated when Edwards-Simon and her son, Simon (hereinafter together the Simon defendants), took photographs of the plaintiff without his permission at certain real property located in the Bronx that was the subject of an adverse possession action. The plaintiff alleged that Hatem filed an order to show cause in the Office of the Bronx County Clerk and attached thereto an affirmation and an affidavit that contained false statements, as well as the photographs. The plaintiff sought damages and to direct Pardo to expunge the submissions attached to the order [*2]to show cause.
In November 2019, Pardo moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the complaint insofar as asserted against her. In December 2019, the plaintiff moved, inter alia, to disqualify Hatem from representing the Simon defendants in this action. In July 2020, Hatem and the Simon defendants cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Supreme Court, among other things, granted Pardo's motion and the unopposed cross-motion of Hatem and the Simon defendants and denied, as academic, that branch of the plaintiff's motion. The plaintiff appeals.
CPLR 3211(a)(2) provides that a party may move for judgment dismissing one or more causes of action asserted against him or her on the ground that "the court has not jurisdiction of the subject matter of the cause of action." The Court of Claims has "exclusive jurisdiction over actions for money damages against State agencies, departments, officials, and employees acting in their official capacity in the exercise of governmental functions" (Byvalets v State of New York, 171 AD3d 1125, 1126; see Morell v Balasubramanian, 70 NY2d 297, 300). Here, the Supreme Court properly determined that it had no jurisdiction over the causes of action insofar as asserted against Pardo where the complaint sought damages for purported actions she took while acting in her official capacity in the exercise of a governmental function (see Byvalets v State of New York, 171 AD3d at 1126).
"[P]ursuant to CPLR 5511, no appeal lies from an order or judgment granted upon the default of the appealing party" (Fei Wu Hu v Lei, 232 AD3d 852, 853; see CPLR 5511). Here, the appendix contains no proof that the plaintiff ever formally opposed the cross-motion of Hatem and the Simon defendants pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. Therefore, the appeal from so much of the order as granted the cross-motion was made without opposition and must be dismissed (see CPLR 5511; Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817, 817).
The Supreme Court properly denied, as academic, that branch of the plaintiff's motion which was to disqualify Hatem from representing the Simon defendants in this action. "[A] party seeking disqualification of its adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel [or a firm with which the lawyer formerly was associated], (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Sentry at QB, LLC v Xi Hui Wu, 219 AD3d 649, 650 [internal quotation marks omitted]). When a firm sought to be disqualified has never represented the moving party, that firm owes "no duty to that party" and "it follows that if there is no duty owed there can be no duty breached" (Ellison v Chartis Claims, Inc., 142 AD3d 487, 488 [internal quotation marks omitted]; see Sentry at QB, LLC v Xi Hui Wu, 219 AD3d at 650). Here, it is undisputed that Hatem never represented the plaintiff, and since the plaintiff was not a present or a former client of Hatem, the plaintiff lacked standing to seek Hatem's disqualification on the basis of a conflict of interest (see Sentry at QB, LLC v Xi Hui Wu, 219 AD3d at 650). Moreover, as Hatem withdrew from representing the Simon defendants and was never representing any other defendant, the court properly determined that the issue was academic.
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or concern matter dehors the record.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court