Nadal v New York City Dept. of Homeless Servs. (2025 NY Slip Op 04910)

Nadal v New York City Dept. of Homeless Servs.

2025 NY Slip Op 04910

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-00397
 (Index No. 724951/22)

[*1]Nagie Nadal, appellant, 
v
New York City Department of Homeless Services, et al., respondents.

Nagie Nadal, New York, NY, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Elizabeth I. Freedman and Jamison Davies of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 7, 2023. The order denied the plaintiff's motion to disqualify counsel for the defendants from representing the defendants and, in effect, pursuant to CPLR 3126, inter alia, for leave to enter a default judgment against the defendants.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, New York City Department of Homeless Services and Department of Social Services, to recover damages for injuries the plaintiff alleged were sustained as a result of the lack of proper cooling in the housing unit provided to the plaintiff by the defendants, in violation of shelter and housing standards. The plaintiff moved to disqualify counsel for the defendants from representing the defendants and, in effect, pursuant to CPLR 3126, inter alia, for leave to enter a default judgment against the defendants based upon their failure to comply with discovery demands and upon alleged misconduct by the defendants' counsel, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0). The defendants opposed the plaintiff's motion. In an order entered December 7, 2023, the Supreme Court denied the plaintiff's motion in its entirety. The plaintiff appeals. We affirm.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to disqualify counsel for the defendants from representing the defendants. The plaintiff failed to show that disqualification was warranted (see Bank of N.Y. Mellon v Lewis, 200 AD3d 970, 971).
The plaintiff also failed to show that the defendants had willfully or contumaciously failed to comply with discovery demands so as to warrant entry of a default judgment pursuant to CPLR 3126(3) (see Samaroo v New York City Tr. Auth., 229 AD3d 577, 579; Plenty v New York City Tr. Auth., 229 AD3d 571, 573).
In addition, although the plaintiff generally alleged misconduct on the part of counsel for the defendants, the plaintiff failed to assert any specific acts or omissions on the part of the [*2]defendants' counsel that constituted misconduct in violation of the Rules of Professional Conduct (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion in its entirety (see Sentry at QB, LLC v Zi Hui Wu, 219 AD3d 649, 651).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court