Perez v City of New York (2025 NY Slip Op 06878)

Perez v City of New York

2025 NY Slip Op 06878

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-05556
 (Index No. 701944/22)

[*1]Hildania Perez, etc., et al., plaintiffs,
v
City of New York, et al., defendants; Kenneth J. Gorman, et al., nonparty-appellants; John P. DeMaio, nonparty-respondent.

Kenneth J. Gorman, New York, NY (Wade T. Morris pro se of counsel), nonparty-appellant pro se and for nonparty-appellant Wade T. Morris.
John P. DeMaio, New York, NY, nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, nonparties Kenneth J. Gorman and Wade T. Morris appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated July 1, 2022. The order denied that branch of the motion of nonparties Kenneth J. Gorman and Wade T. Morris which was to disqualify nonparty John P. DeMaio as the attorney for the plaintiffs and directed a conference on that branch of the motion of nonparties Kenneth J. Gorman and Wade T. Morris which was for a charging lien.
ORDERED that the appeal from so much of the order as directed a conference on that branch of the motion of nonparties Kenneth J. Gorman and Wade T. Morris which was for a charging lien is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to nonparty John P. DeMaio.
So much of the order as directed a conference on that branch of the motion of nonparties Kenneth J. Gorman and Wade T. Morris which was for a charging lien did not dispose of that branch of the motion and did not affect a substantial right and, therefore, is not appealable as of right (see CPLR 5701[a][2][v]; Schaff v Schaff, 172 AD3d 1421, 1422; Dowd v Dowd, 74 AD3d 1013, 1014; Sloboda v Sloboda, 24 AD3d 533, 534). Since leave to appeal from that portion of the order has not been granted, we dismiss the appeal from so much of the order as directed a conference on that branch of the motion of Gorman and Morris which was for a charging lien.
The basis of a motion to disqualify an attorney due to an alleged conflict of interest is an allegation of a breach of a fiduciary duty owed by an attorney to a current or former client (see Ellison v Chartis Claims, Inc., 142 AD3d 487, 487; Ogilvie v McDonald's Corp., 294 AD2d 550, 552). When the attorney sought to be disqualified has never represented the moving party, that attorney owes no duty to that party. And, it follows that if there is no duty owed, there can be no duty breached (see Ellison v Chartis Claims, Inc., 142 AD3d at 487-488; Rowley v Waterfront [*2]Airways, 113 AD2d 926, 927). Here, it is undisputed that Gorman and Morris were never clients of nonparty John P. DeMaio. Since Gorman and Morris were neither present nor former clients of DeMaio, they lacked standing to seek his disqualification as the attorney for the plaintiffs in the action (see Ellison v Chartis Claims, Inc., 142 AD3d at 488; Ogilvie v McDonald's Corp., 294 AD2d at 552). Accordingly, the Supreme Court properly denied that branch of the motion of Gorman and Morris which was to disqualify DeMaio from representing the plaintiffs.
The remaining contentions of Gorman and Morris need not be reached in light of our determination.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court